AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

FILED
JUN 29 2017
CLERK, US DISTRICT COURT

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>$190,297.67 in funds seized from TowneBank account #s 0233115641, 0233113916 and 0233113975 by Virginia Beach Police | ) ) ) ) ) ) ) Case No. 4:17-sw- 37 |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the __Eastern__ District of __Virginia__ is subject to forfeiture to the United States of America under __18__ U.S.C. § __981(a)(1)(C)__ *(describe the property)*:

$190,297.67 in funds seized from TowneBank account #s 0233115641, 0233113916 and 0233113975 by Virginia Beach Police.

18 U.S.C. § 981(a)(1)(C) is incorporated for use in criminal forfeitures by 28 U.S.C. § 2461.

The application is based on these facts:
Please see the affidavit included as "Attachment A."

☐ Continued on the attached sheet.

*Applicant's signature*

Reviewed by AUSA/SAUSA:
Kevin Hudson

S/A Tanya O'Connell, U.S. Secret Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 29, 2017

*Judge's signature*

City and state: Norfolk, Virginia

Robert J. Krask, U.S. Magistrate Judge
*Printed name and title*

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

CASE NO. 4:17-sw-37

RE SEIZURE OF:

$190,297.67 in Funds Seized
From TowneBank Account #s
0233115641, 0233113916, and
0233113975 by the Virginia
Beach Police



FILED
JUN 29 2017
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

### ATTACHMENT "A": AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT

Affidavit IN SUPPORT OF A SEIZURE WARRANT PURSUANT TO Title 18, United States Code, 981(a)(1)(C); Title 21, United States Code, 853(f); and Title 28, United States Code, 2461. Your Affiant, Tanya O'Connell, being duly sworn, deposes and states:

1. Your Affiant is an investigative or law enforcement officer of the United States and empowered by law to conduct investigations and to make arrests for offenses enumerated in the Federal Criminal Code.

2. Your Affiant is a Special Agent with the United States Secret Service (USSS), and has been so employed since March, 1998. I have received training at the Federal Law Enforcement Training Center in Glynco, Georgia and at the USSS James J. Rowley Training Center in Maryland. In my capacity as a Special Agent, I have conducted investigations involving forms of financial fraud including, but not limited to wire fraud, bank fraud, access device fraud, mail fraud, forgery, identity theft, money laundering and various financial schemes. I am currently assigned to the Norfolk Virginia Resident Office located at 200 Granby Street, Suite 640, Norfolk, Virginia 23510, assigned to

investigate criminal matters.

3. Based upon your Affiant's training, experience, and participation in the investigation of financial crimes, wire fraud, bank fraud, money laundering, and the subsequent tracing of assets your Affiant knows that:

   (a) Offenders accumulate substantial amounts of United States Currency from embezzlement and illegal wire transfers of funds.

   (b) Offenders who have gained substantial amounts of money through fraud invest in real estate, aircraft, boats, automobiles, trucks, precious metals, jewelry and financial instruments, including, but not limited to, stocks and bonds.

   (c) Individuals involved in financial crimes and various avenues of fraud place assets in names other than their own to avoid law enforcement detection. Even though these assets are in the names of nominees or corporate entities, these individuals often continue to exercise dominion and control over them.

   (d) Offenders commonly utilize wire remitters, the U.S. Postal Service, stored value/pre-paid debit cards and parcel delivery services to illegally transfer and/or embezzle funds.

4. This affidavit is made in support of a seizure warrant for $190,297.67 in funds seized from TowneBank account #s 0233115641, 0233113916 and 0233113975 by the Virginia Beach Police.

## FACTS SUPPORTING PROBABLE CAUSE

5. On or around July 29, 2015, Dale Fowler, Director of Indect USA, contacted Virginia Beach Police Department (hereafter "VBPD") on behalf of Austrian based company, Indect Electronics & Distribution (hereafter "Indect") to register charges of embezzlement against Ernesto Francisco Lamar (hereafter "Lamar"). Lamar is 51%

2

owner and operator of BMK Solutions, LLC (hereafter "BMK"). Lamar represented BMK and entered into a contract with Indect to complete a construction project on the Dallas Fort Worth Airport parking structures. Indect USA is a subsidiary of the Austrian based Indect, which is one of the victims in this case. Around this time frame, Detective Jessica Cole, VBPD, contacted SA O'Connell for assistance and direction in their case.

6. Mr. Fowler provided documentation indicating an invoice dated 03/25/15 was sent by BMK to Indect requesting payment due in the amount of $327,788.75 in connection with the project. On 07/15/15 Indect did cause a wire of funds to be transferred to BMK. Less international bank and wire fees, the amount of $326,754.95 was deposited into BMK Commercial TowneBank account ending in 7657. Prior to the actual wire of funds, Lamar sent numerous emails to Indect from 7/13/15 through the morning of 7/15/15 demanding payment and asking for details of the forthcoming wire.

7. Mr. Fowler provided a copy of an email to Detective Cole sent by Lamar to Indect on 07/16/15 advising Indect personnel and others via email that the wired funds included an overpayment and that he was on his way to the bank to correct. This was the last correspondence Indect received from Lamar. Fowler stated no funds had been returned to Indect, and no vendors or subcontractors had been paid regarding the DFW construction, causing the entire project to come to a complete stop.

8. Detective Cole interviewed business associates and subcontractors of BMK/Lamar who confirmed that Lamar had transferred all the money out of the BMK Commercial account ending in 7657 on 7/15/15, then ceased all communication and correspondence with anyone associated with BMK or the Indect project. Repeated attempts to locate Lamar by Indect and others were unsuccessful. They claimed they did not know what he did with the embezzled funds.

9. On September 2, 2015, Detective Cole obtained and served a Search Warrant on TowneBank for account information from 7/1/2015 – 8/28/15 and funds for recovery, under any and all accounts belonging to BMK Solutions and Ernesto Francisco Lamar.

10. Detective Cole subsequently received records from TowneBank confirming the theft of funds. Your affiant describes these records in more detail below. Detective Cole also received a cashier's check on 9/4/15 in the amount of $190,432.94 representing direct proceeds of the fraudulently obtained funds seized from three accounts held by Lamar at TowneBank, account #s 0233115641, 0233113916 and 0233113975.

11. On January 17, 2017, your affiant assumed this case.

12. Your Affiant reviewed the paperwork associated with the unauthorized wire transactions, as well as producing subpoenas for additional bank records and potential assets, all of which were reviewed by your Affiant. These records revealed that on July 15, 2015, the same date BMK received the wired funds in the amount of $326,754.95 from Indect, Lamar engaged in a series of further wire transfers that transferred the subject funds to other accounts controlled by Lamar. Specifically, $317,279.43 was transferred to another BMK account ending in 7894 wherein Lamar was the sole signator. A second wire of $8,668.00 was generated to an account ending in 9781 in the name of FC&T, another company owned and operated by Lamar, leaving the BMK Commercial account with a balance of $807.52. This was the account which was used to do business with Indect on the DFW project.

13. On the following day, July 16, 2015, Lamar advised Indect personnel and others via email that the wired funds included an overpayment and that he was on his way to the bank to correct it. Instead of returning any funds to Indect, Lamar went to TowneBank and at 12:36 p.m. obtained a $10,000 cashier's check from the 7894 account made

4

payable to himself. At 12:38 p.m. he obtained a cashier's check in the amount of $25,000 from the 7894 account. At 12:51 p.m. Lamar transferred $276,302.41 of the funds from the 7894 account to a personal checking account, # 0233115641, which he opened the same day. This account was in the names of Lamar and his girlfriend, Sontil Roseborough. On September 4, 2015 the balance of this account in the amount of $190,119.77 was seized by the VBPD.

14. Also on July 16, 2015, Lamar transferred another sum in the amount of $4,300 from the 7894 account to an account ending in 9781. From there he transferred another $3,594.21 to an account ending in 3916 on July 29, 2015. Lamar was the sole signator on both of these accounts. On September 4, 2015 the balance of this account in the amount of $156.38 was seized by the VBPD.

15. On July 29, 2015, Lamar transferred $409.87 from BMK account ending in 7657 to another account ending in 3975 which Lamar again was the sole signator. On September 4, 2015 the balance of this account in the amount of $156.79 was seized by the VBPD.

16. The facts and circumstances of this case have been set forth before a grand jury in the Eastern District of Virginia, Newport News on June 13, 2017. A true bill was issued. An Indictment which included a forfeiture count was filed with the Court in case no. 4:17-cr-66 on June 14, 2017. That indictment references the three different TowneBank accounts from which the cashier's check received by VBPD on September 4, 2015 in the amount of $190,432.94 was drawn.

17. It has come to your Affiant's attention that following the issuance of said check, TowneBank requested the original cashier's check be voided due to their oversight of three debit charges totaling $135.37 which were already approved. VBPD complied and

TowneBank issued another cashier's check to VBPD in the amount of $190,297.67. The breakdown of seized funds from the aforementioned accounts reflecting the returned charges is as follows: $189,990.14 from 5641; $156.38 from 3916; and $151.15 from 3975.

18. The $190,297.67 to be seized, as described in this affidavit, has already been seized by the VBPD pursuant to state seizure warrants. These funds were turned over to VBPD in the form of a TowneBank Cashier's Check dated September 21, 2015. Although the assets have already been seized by the commonwealth, your Affiant is seeking a federal seizure warrant pursuant to the Department of Justice's policy on asset forfeiture adoptions, which took effect on January 16, 2015. Your Affiant is told that pursuant to the new policy, the federal government may adopt assets seized by the commonwealth only in very limited situations, one of which is where a federal seizure warrant is obtained from a Federal Court to take custody of assets originally seized under state law. It is that which prompts your Affiant to seek this seizure warrant, since the U.S. Attorney's Office has adopted this matter for federal criminal prosecution.

## CONCLUSION

19. In light of the foregoing, and based your Affiant's own review of the information and your Affiant's experience, probable cause exists to believe that the $190,297.67 in funds seized from TowneBank account #s 0233115641, 0233113916 and 0233113975 constitutes the proceeds of the fraudulent wire transactions. They are, therefore, subject to seizure and forfeiture pursuant to Title 18, United Sates Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(f).



20. It is therefore respectfully requested that the Court find probable cause and issue the seizure warrant applied for herein.

_____
Tanya E. O'Connell, Special Agent
U.S. Secret Service

Read and reviewed: _____
Kevin Hudson, AUSA

Sworn and subscribed to before me
On this 29th day of June, 2017

_____
United States Magistrate Judge
Eastern District of Virginia